UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————

Nº 25-CV-5935 (RER) (MMH)

————————————————

ANDREW PRIDGEN

VERSUS

WARDEN SOLOMON CHESTER, NYC DEPT. OF CORRECTION

————————————————

**MEMORANDUM & ORDER**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

On October 21, 2025, *pro se* petitioner Andrew Pridgen, detained at Otis Bantum Correctional Center on Rikers Island,[1] filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging—what appears to be—his ongoing criminal action in Queens County on speedy trial grounds, and an impending (at the time) involuntary commitment to a mental health facility.

After carefully reviewing the record, and for the reasons set forth herein, the Court dismisses Pridgen's petition.

## **BACKGROUND**

The petition is difficult to follow, but Pridgen appears to allege that he would be (and subsequently was) transferred to a mental health facility without due process, and

---

[1] During the pendency of this petition, Pridgen filed a notice of change of address for Kirby Manhattan Psychiatric Center, a maximum security psychiatric center on Randalls Island. (ECF No. 6); https://omh.ny.gov/omhweb/facilities/krpc/.

that his speedy trial rights had been violated during his confinement on Rikers Island on 2022 criminal charges in Queens County. (ECF No. 1 ("Pet") at 6–7, 14–15, 18–20). It is not clear from the record whether Pridgen's criminal case is ongoing or has been resolved by a conviction or a dismissal.

On November 18, 2025, Pridgen filed a letter requesting new counsel in his criminal matter, raising ineffective assistance of counsel claims against his current appointed attorney. (ECF No. 4). Pridgen explained that he was waiting for a bed at Kirby Psychiatric Center and that "[s]ince approximately November or May 28, 2025 which i was found 'dismissed due to incompetence' which on nycourt.gov means not pending/terminated which is violating my speedy trial rights." (*Id.* ¶ 2). Pridgen paid the filing fee. (ECF No. 8).

## **LEGAL STANDARD**

Courts may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing section 2254 Cases, the court has the authority to review and deny a section 2254 petition without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000) (discussing section 2254 Habeas Rule 4).

Alternatively, pretrial habeas relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States" under 28 U.S.C. § 2241, and

"a court may consider an improperly characterized pretrial habeas petition as having been filed under 28 U.S.C. § 2241" *Johnson v. New York*, No. 12–CV–03213 (RRM), 2012 WL 2861004, at *1 (E.D.N.Y. July 11, 2012). *See also Nieves v. Farber*, No. 20 Civ. 0990 (LJL), 2020 WL 1529454, at *3 (S.D.N.Y. Mar. 30, 2020) ("A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law.").

Courts must construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant "is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing omitted).

## **DISCUSSION**

The Court cannot consider Pridgen's petition under section 2241 or section 2254. *See* 28 U.S.C. § 2254(a).

Pridgen was a pretrial detainee when he filed this proceeding. Since he was not "in custody pursuant to the judgment of a State court" at the time he filed his petition, he cannot seek habeas corpus relief under section 2254. 28 U.S.C. § 2254(a); *Johnson*, 2012 WL 2861004, at *1. Even if Pridgen could be considered in custody pursuant to a state court judgment, there is no evidence on the record that he exhausted his state court

remedies related to a state court judgment prior to filing this petition.[2] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). Once Pridgen has contested his involuntary commitment in state court and exhausted all his available state remedies, he may file a federal petition for a writ of habeas corpus. *See Buthy v. Commissioner of Office of Mental Health of New York State,* 818 F.2d 1046, 1051 (2d Cir. 1987) (the trial judge "correctly held that [petitioner] could challenge the fact of his pre-hearing confinement in the forensic unit, as opposed to the conditions of that confinement, only by petitioning for a writ of habeas corpus and after exhausting state remedies as required by 28 U.S.C. § 2254(b), (c)").

To the extent that Pridgen argues that the New York state court violated his speedy trial or due process rights in an ongoing criminal proceeding, the Court cannot consider the petition because, as above, Pridgen has not exhausted available state court remedies. Although not a statutory requirement, section 2241 requires a petitioner to exhaust available court or administrative remedies.[3] *See United States ex rel. Scranton*

---

[2] Pridgen fails to demonstrate that either exception to the exhaustion requirement applies under section 2254. *See Johnson v. Schneider*, 20-CV-888 (JLS), 2020 WL 4905361, at *3 (W.D.N.Y. Aug. 18, 2020) ("Section 2254 provides two narrow exceptions to its exhaustion requirement. A federal court may grant a petitioner's unexhausted petition for habeas relief if: (1) 'there is an absence of available State corrective process'; or (2) 'circumstances exist that render [the State corrective process] ineffective to protect the rights of the applicant.'") (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii)).

[3] Pridgen fails to demonstrate that either exception to the exhaustion requirement applies under section 2241. *See Robinson*, 2012 WL 1965631, at *2 ("A petitioner who has not exhausted available state court or administrative remedies may only seek a writ of habeas corpus under Section 2241 if: (1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, *see id.*, or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." (citing omitted).

*v. State of New York,* 532 F.2d 292, 294 (2d Cir.1976) ("While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *see also Allen v. Maribal,* No. 11–CV–2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) ("While 28 U.S.C. § 2241 does not on its face require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, the Second Circuit has superimposed such a requirement to accommodate principles of federalism."). Because Pridgen has not presented his federal constitutional speedy trial or due process claims before the trial court or the highest state court, he has not exhausted his available state court remedies.[4] *Allen*, 2011 WL 3162675, at *3 ("Because the state proceedings are pending before the trial court, petitioner's claims have yet to be presented to the highest state court, and petitioner therefore has not exhausted his available state remedies").

"Even if [Pridgen] could show cause for his failure to exhaust and prejudice resulting to him from the alleged violation of federal law, the petition is denied pursuant to *Younger v. Harris,* 401 U.S. 37, 54 (1971)." *Robinson v. Sposato*, No. CV–11–0191 (SJF), 2012 WL 1965631, at *3 (May 29, 2012). At the time Pridgen filed his petition, the criminal proceeding against him was still pending in state court and "there is ample

---

[4] Pridgen attaches an affidavit in support of a motion to dismiss an indictment on speedy trial grounds to his petition. (Pet. at 58–60). Without more, this is not enough for Pridgen to have exhausted his state court remedies. *Ramirez v. Attorney Gen. of State of N.Y.,* 280 F.3d 87, 94 (2d Cir.2001) ("State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim.").

opportunity for review of petitioner's constitutional claim in state court, i.e., by way of direct appeal from, or other collateral attack of, his judgment of conviction in state court." *Id.*

## CONCLUSION

For the reasons set forth above, the Court denies Pridgen's application for a petition for a writ of habeas corpus pursuant to either 28 U.S.C. §§ 2241 or 2254 without prejudice.

As Pridgen has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Pridgen and to note mailing on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: February 23, 2026
        Brooklyn, New York

6